MAURICE G. BROCKHAUS, APPELLEE, V. L. E. BALL
CONSTRUCTION CO., APPELLANT.

145 N. W. 2d 341

Filed October 7, 1966. No. 36166.

Haney, Walsh & Wall and Theodore J. Clements, for appellant.

Cassem, Tierney, Adams & Henatsch, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and DITTRICK, District Judge.

DITTRICK, District Judge.

This is a claim for compensation under the provisions of the Workmen's Compensation Act. The case was tried initially before a single judge of the Workmen's Compensation Court, where the claimant Maurice G. Brockhaus was awarded compensation for 25 percent permanent partial disability. On rehearing before the Workmen's Compensation Court sitting en banc, claimant was awarded compensation for total disability for an indefinite future period of time, which award was affirmed by the district court.

Claimant was employed by L. E. Ball Construction Company, which we shall designate as the employer. The accident which resulted in claimant's injuries occurred on August 23, 1962, at Norfolk, Nebraska. The claimant while working for the employer on a construction project slipped on a clod of dirt in a ditch while a length of pipe was being lowered into the ditch. He fell to his knees with the weight of the pipe against him. He felt immediate pain and was taken to a doctor for X-rays. On September 28, 1962, claimant was admitted to the Veterans Hospital at Omaha, Nebraska, when on October 3, 1962, Dr. Burklund performed a partial hemilaminectomy with removal of a herniated disc at the L-5, S-1 level. He was given therapy at the Veterans Hospital and was discharged on October 12, 1962, with instructions to do exercises at home. Claimant consulted Dr. Werner P. Jensen at Omaha, Nebraska, on November 10, 1962. On November 17, 1962, claimant was admitted to St. Joseph's Hospital of Omaha, where on November 28, 1962, Dr. Jensen put on a plaster flexion cast from the hips to the ribs. Claimant was dismissed from the hospital December 1, 1962. Dr. Jensen split the cast and prescribed a brace. Dr. Jensen again examined him on January 4, 1963, on which date claimant was readmitted to St. Joseph's Hospital, where on January 16, 1963, Dr. Jensen performed a laminectomy for a herniated disc at the L-4, 5 level. Dr. Jensen estimated that claim-

ant has a 35 percent permanent partial impairment of his back. Claimant was dismissed from the hospital on February 6, 1963, and since that date has worn a brace.

On August 25, 1964, Dr. Frank J. Iwerson examined claimant and his findings were that claimant had a marked list to the right and was unable to stand erect; that there was a marked lumbar muscle spasm present; that with the patient lying on his back there was a positive Lesegue's sign on the left side; that there was a marked limitation of the straight leg raising on the left side as compared to the right; that there was marked tenderness over the low back and the patient was unable to rise to a sitting position from a lying position without help; that there was weakness of the dorsiflexion of the toes and the patient was unable to walk on his toes or heels; and that the patient was unable to work, was completely disabled, and in need of further treatment.

Dr. Harold A. Ladwig was in consultation with Dr. Jensen while claimant was confined at Bergan-Mercy Hospital of Omaha, Nebraska, during September 1964. Dr. Ladwig found a noticeable weakness of the left ankle and toes; that the patient was unable to stand on his left heel and toes; that he had a list to the right of variable degree; and that there was diffuse tenderness of the low back.

A report of Dr. Jensen bearing the date of September 19, 1964, states that the claimant stands with a marked limp; that there was muscle spasm in the lumbar area and weakness of dorsiflexion of the great toe; and that there were residuals from a herniated disc. Dr. Jensen recommended intermittent pelvic traction and conservative therapy, consisting of daily physiotherapy and physical therapy. When claimant left Bergan-Mercy Hospital in October 1964, he was advised by Dr. Jensen that the doctor did not feel there was any indication for further surgery and that he had undergone two surgical procedures without a great deal of help.

That claimant's injury arose out of and in the course

of his employment by the employer is not questioned. The issue is whether the claimant is totally disabled within the meaning of the provisions of the Workmen's Compensation Act.

Claimant was 39 years of age, married, and the father of two children at the time of hearing before the Workmen's Compensation Court sitting en banc. He is a high school graduate. He was sent to Doane College by the Navy and received training as a diesel mechanic for approximately 3 months. Prior to his employment by the employer he was in the well-digging business and had done plumbing, carpentry, and electrical work. He had also worked as a derrick man in the oil fields, and as a truck driver. After his dismissal from St. Joseph's Hospital on February 6, 1963, claimant obtained employment as a truck driver from April to July 31, 1963, under an arrangement with his employer that he would not be required to do heavy lifting. He lost this employment because of his physical disabilities. Thereafter in 1963 he worked briefly painting a church steeple while sitting in a chair and pulling himself up and down by ropes. He assisted his father at odd carpentry jobs when no extensive lifting was required. He worked as a farm laborer approximately 2 days until back pains from operating a tractor required him to quit such employment.

Claimant continues to have pain across the lower part of his back and his left leg which at times becomes numb. His left leg develops muscle spasms and on occasions it gives way while he is walking, causing him to fall.

Prior to his injury on August 23, 1962, claimant's average earnings were approximately $4,000. During 1963 his earnings were approximately $1,100, and during 1964 between $350 and $400.

The record in this case substantiates that plaintiff is a common laborer; that all of the types of employment for which he is fitted and has been engaged in involve heavy lifting as well as extensive physical effort; and

that prior to his injury he was in good health and able to work.

This court has stated the following rule: "For workmen's compensation purposes, 'total disability' does not mean a state of absolute helplessness, but means disablement of an employee to earn wages in the same kind of work, or work of a similar nature, that he was trained for, or accustomed to perform, or any other kind of work which a person of his mentality and attainments could do." Elliott v. Gooch Feed Mill Co., 147 Neb. 309, 23 N. W. 2d 262. See, also, Haler v. Gering Bean Co., 163 Neb. 748, 81 N. W. 2d 152; Tilghman v. Mills, 169 Neb. 665, 100 N. W. 2d 739.

We held in Crable v. Great Western Sugar Co., 166 Neb. 795, 90 N. W. 2d 805, that an employee may be totally disabled for all practical purposes and yet be able to obtain trivial occasional employment under rare conditions at small remuneration, and that the status of the employee in such respect remains unaffected thereby unless claimant is able to get, hold, or do any substantial amount of remunerative work, either in his previous occupation or any other established field of employment for which he is fitted.

The foregoing rule was reaffirmed by our court in the case of Nordahl v. Erickson, 174 Neb. 204, 116 N. W. 2d 275.

The evidence of both expert and lay witnesses in the instant case as reflected by the testimony shows that the claimant is totally disabled.

The employer contends that this court should adopt the following rule: "Permanent total disability does not exist where a claimant can, by reasonable effort, prepare himself to secure and retain a remunerative occupation." The employer cites in support of such rule 99 C. J. S., Workmen's Compensation, section 299 (e), page 1070, and Utah Fuel Co. v. Industrial Commission of Utah, 76 Utah 141, 287 P. 931. The record in the instant case does not reflect that the claimant can by reason-

able effort prepare himself to secure and retain remunerative employment. Furthermore, to so rule in this case would compel the claimant to look to his own resources, which at best are very meager.

For the reasons stated, we conclude that the award entered by the Workmen's Compensation Court sitting en banc, and the affirmance thereof by the district court, should be affirmed.

AFFIRMED.