Richard J. HAMEL

v.

PIZZAGALLI CORPORATION and/or Glens Falls Insurance Company.

Supreme Judicial Court of Maine.

May 26, 1978.

McTeague, Higbee & Tierney by Patrick N. McTeague (orally), Maurice Libner, Brunswick, for plaintiff.

Hewes, Culley & Feehan by Richard D. Hewes, Portland (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

POMEROY, Justice.

Richard Hamel, an employee of Pizzagalli Construction Co., fell from a wall on which he was working. That he was injured and that his injury occurred in the course of his employment and arising therefrom is conceded.

The case was taken by Pizzagalli's insurer by agreement. The agreement provided for compensation payments based on total incapacity.

In June, following the accident in January, 1976, the employer filed a Petition for Review of Incapacity. The usual allegation that incapacity had diminished or ended was contained therein. Hamel filed a Petition to "Fix the Amount to be Allowed for Medical, Surgical and Hospital Services." After hearings, the Commissioner denied the Petition for Review and granted Hamel's petition.

An appeal seasonably followed.

The Superior Court, as it is required to do by statute (39 M.R.S.A. § 103), entered a pro forma judgment affirming the Commissioner's decree.

Routine appellate procedure has brought the matter before us, after the entry in the Superior Court docket of the pro forma judgment affirming the decree of the Commissioner.

We deny the appeal.

Appellant Pizzagalli alleges three errors all claimed as requiring reversal:

1. The evidence is insufficient to support the finding that appellee's incapacity had neither terminated or diminished;

2. It was error for the Commission to have allowed traveling expenses to appellee to hearings at which he did not testify; [1]

---

1. Appellee actually traveled to attend nine hearings. One, however, was held within a ten-mile radius from appellee's home. Appellee concedes that he is not entitled to expenses

3. It was error to have allowed medical expenses incurred by appellee's medical treatment by Doctor Parisien.

In arguing that there was no competent evidence to support the Commission's dismissal of the Petition for Review of Incapacity, Pizzagalli contends that all the evidence demonstrated that appellee was no longer totally incapacitated. It argues that the medical testimony demonstrated that appellee now had some work capacity and that appellee had not met his burden of proving total incapacity through the failure of a good faith effort to find work.

We do not agree.

■ All parties to this case had entered into an agreement whereby appellee was to receive compensation for total incapacity. The agreement was approved, as it must be, by the Director of the Bureau of Labor. Such agreement is equivalent to an adjudication and is binding on the parties until altered by a final decision upon a Petition for Review of Incapacity. *Mullen v. Brown Homes, Inc.*, Me., 358 A.2d 557, 559 (1976). In this case, nothing in the evidence permitted a conclusion that there had been any change in appellee's medical condition since the agreement had been entered into.

■ In a Petition for Review of Incapacity, the employer has the burden of establishing that the employee has recovered some work capacity. *McQuade v. Vahlsing, Inc.*, Me., 377 A.2d 469, 471 (1977); *Martel v. United States Gypsum Co.*, Me., 329 A.2d 392, 394 (1974). Where an employer seeks review of an agreement to provide compensation for total incapacity, it stands to reason that in order to meet its burden the employer must demonstrate, among other things, that the employee's medical condition has improved since the date the agreement was entered into. Here the Commission found, as a fact, that appellee's condition "is now worse as of the last time of his examination." Such a finding demonstrates that the Commission concluded that since appellee's condition had actually worsened, Pizzagalli had failed to meet its burden of proving that appellee had recovered work capacity beyond what he had at the time the agreement for "total incapacity" had been entered into.[2]

■ Findings of fact by the Commission are conclusive if supported by competent evidence. *E.g., Ross v. Oxford Paper Co.*, Me., 363 A.2d 712, 716 (1976). The extent of incapacity from which an employee suffers is a question of fact. *E.g., Willette v. Statler Tissue Corp.*, Me., 331 A.2d 365, 369 (1975). There was competent evidence here to support the Commission's finding that appellee continued to be "totally incapacitated."

Appellee testified that, after he had started treatment in March, 1976 by a new physician, he had begun having pains he had not had before. The treating physician also testified that as of his last examination, appellee's condition had not improved and had possibly deteriorated.

---

for that hearing under the provisions of 39 M.R.S.A. § 98. Appellee no longer claims expenses for travelling to five hearings which counsel had continued in advance.

2. The evidence in this case demonstrates that appellee was in fact totally incapacitated within the meaning of the Workmen's Compensation Act at the time the agreement was entered into. The testimony of several physicians shows that even immediately following the accident appellee had the physical capacity to do "light work", "light work as tolerated," or work that was "strictly sedentary." The parties, however, were justified in agreeing that appellee was totally incapacitated since his medical condition was such that his work ca-

pacity immediately following the accident was limited to "trivial occasional employment under rare conditions at small remuneration", and that no substantial remunerative employment was possible because of appellee's *medical condition. Levesque v. Shorey*, Me., 286 A.2d 606, 610 (1972), *quoting Brockhaus v. L. E. Ball Construction Co.*, 180 Neb. 737, 739–741, 145 N.W.2d 341, 343 (1966). Such extremely limited work capacity is deemed total incapacity. 2 A. Larson, *Workmen's Compensation*, § 57.51 (1976). Since the evidence in this case further showed that appellee's medical condition had not improved, appellee remains in fact totally incapacitated.

From the foregoing it is apparent that there was competent credible evidence supporting a conclusion that Pizzagalli had not met its burden of proving recovery of some work capacity.

We now turn briefly to Pizzagalli's other two claims.

 Pizzagalli first contends that it should not be forced to pay travel expenses to appellee under 39 M.R.S.A. § 98[3] for hearings at which appellee did not actually testify. Pizzagalli cites no authority, and we find none, supporting this position. An employee in a workmen's compensation case is a party. As such it is appropriate that the employer be compelled to reimburse the employee "the reasonable mileage in traveling within the State to and from the hearing", even though at such hearing the employee is not called upon to testify. Pizzagalli's contentions to the contrary are without merit.

 Pizzagalli finally contends that it should not have to pay further medical bills submitted by appellee's treating physician, Doctor Parisien, since, by the Doctor's own admission, appellee's condition has not improved under his treatment.

We cannot subscribe to such a novel theory. In effect, appellant argues that if a physician's medical services are to be paid for by the employer such medical treatment must be successful in restoring the employee's work capacity.

This claim is without merit.

The physician who furnished the service in this case is a highly-trained reputable member of the medical profession. His qualifications as an orthopedic surgeon were stipulated. That the treatment he prescribed did not produce the results he hoped for is hardly an appropriate basis for the employer to refuse payment for the services rendered.

---

3. 39 M.R.S.A. § 98 provides in pertinent part:
   In case the place of hearing so designated is more than 10 miles distant from the place where the injury occurred, the employer shall provide transportation or reimburse the employee for reasonable mileage in traveling within the State to and from said hearing.

---

The entry must be:

Appeal denied.

Judgment affirmed.

Further ordered that the appellant pay to the appellee an allowance of counsel fees in the amount of $550.00 together with his reasonable out-of-pocket expenses for this appeal.