**Laura VETTER, Claimant and Appellant,**

v.

**TOWN OF BISON and Sunshine Mutual Insurance Company, Defendants and Respondents.**

**No. 12377.**

Supreme Court of South Dakota.

April 26, 1979.

David A. Gerdes, of May, Adam, Gerdes & Thompson, Pierre, for claimant and appellant.

Curtis D. Ireland of Lynn, Jackson, Shultz, Ireland & Lebrun, Rapid City, for defendants and respondents.

YOUNG, Circuit Judge.

This action originated before the South Dakota Division of Labor and Management Relations. The Deputy Director found in favor of defendants-respondents and his ruling was upheld by the Court of the Sixth Judicial Circuit on appeal.

The only issue on appeal is whether the Deputy Director's opinion is supported by substantial evidence on the whole record. It is the holding of this Court that there is not substantial evidence on the whole record to support the Deputy Director's findings of fact and conclusions of law.

In 1970, while Mrs. Vetter was employed by the Bison Food Store, she injured her right knee and underwent surgery on it in April of that year. Dr. H. L. Ahrlin performed that operation and in January of 1971, rated her as having a fifteen percent permanent partial disability. His report notes that the disability due to arthritis cannot be cured and "will get progressively worse." Overall, the operation was apparently quite successful. Mrs. Vetter testified that after a year-long recovery, she was able to work and dance and had no trouble with the knee.

Dr. Ahrlin's records show that in August 1975, Mrs. Vetter again visited his office. Her complaint was of pain in her right thigh between the knee and hip. Dr. Ahrlin could find no reason for the pain in her thigh. His report indicates that he told Mrs. Vetter at the time of the operation in 1970 that she might have further trouble and his diagnosis was "degenerative changes in the right knee." Dr. Ahrlin prescribed a medication and wanted to see her again in six weeks.

In 1975, Mrs. Vetter and her husband were under contract with the Town of Bison to manage the liquor store and bar. While so employed on October 21 of that year, Mrs. Vetter slipped and fell on the premises, injuring her right knee. Three days after this mishap, she consulted Dr. Sailer who gave her cortisone shots and prescribed medication. In November of 1975, Mrs. Vetter again saw Dr. Ahrlin concerning the pain in her right knee. He noted further degenerative processes. His conclusion was that cortisone had failed her and that a total knee replacement was necessary. That operation was performed in December of 1975.

After the operation, Mrs. Vetter was unable to work for any period of time and up to and even after the time of hearing could not engage in activities which required her to be on her feet, including housework and waiting on customers. In his second deposition, Dr. Ahrlin indicated that Mrs. Vetter suffered an eighty-five percent disability of her leg.

■ The parties stipulated that the injury to Mrs. Vetter's knee was accidental and occurred in the course of employment. The question for the hearing examiner then was whether Mrs. Vetter had met her burden of proof that her fall aggravated her preexisting condition of degenerative arthritis and thus resulted in a compensable accident.

■ Citing *Piper v. Neighborhood Youth Center*, S.D., 241 N.W.2d 868 (1976), this Court in *City of Brookings v. Department of Environmental Protection*, S.D., 274 N.W.2d 887, 889 (1979), set out the scope of review of an administrative decision under the former wording of the statute:

In reviewing an administrative decision, we must examine the record to determine whether the decision is supported by substantial evidence on the whole record. SDCL 1–26–36. In addition, we review in the same manner as the circuit court, unaided by any presumption of the correctness of the circuit court's determination.

■ The reviewing court must consider all the evidence in the record, not just that supporting the agency determination. The requirement that the reviewing court look at the whole record does not, however, allow the reviewing court to substitute its own judgment for that of the Deputy Director as to the weight of the evidence on questions of fact. *City of Brookings*, supra. It is with these standards in mind that this Court reviews the record in the instant case.

The examiner's findings of fact stated that at the time of Mrs. Vetter's first operation in 1971, Dr. Ahrlin advised her that at some time she might have to have a total knee replacement. The evidence does not support this finding as a basis for a decision against the claimant, since Dr. Ahrlin's testimony indicates that he was giving no consideration to such an operation when he saw her in August of 1975. Also based upon Dr. Ahrlin's testimony, the examiner found that prior to the incident in question, the claimant was having "substantial" problems with her knee, had "considerable" arthritic

changes and generally had a "serious" knee problem. Such adjectives, however, are conclusions unsupported by the statements in evidence. Dr. Ahrlin stated that in August 1975, Mrs. Vetter's "knee showed some arthritic changes in there, with some limitation of motion; probably some soft tissue swelling . . . but there was no evidence of any arthritis that you could see."

There is also very limited support for the finding of the fact that claimant did not on her November 24, 1975, visit advise Dr. Ahrlin of the fall the month before. The doctor's testimony was that "she told me that she had fell [sic] October 20, 1975 and she went to Hettinger Clinic where Dr. Sailer saw her and I think he must of [sic] treated her for a while and then sent her here to me November 24th."

The examiner's final finding of fact is that claimant's fall on October 21, 1975, did not aggravate the preexisting condition of her knee nor did it accelerate the need for the total knee replacement operation; and the accident did not increase the extent of her permanent partial disability. Even more so than the preceding findings, this one lacks support in the record. The testimony is replete with statements that would support an opposite finding. The recovery from the operation in 1970 was apparently quite successful. Dr. Ahrlin indicated that he thought she made a "good recovery" and had "responded well," going "back to her normal activities without any problems." Mrs. Vetter testified that after recovery from that operation, she was able to work and even dance and had no trouble with the knee.

█ Dr. Ahrlin stated that he did not begin seeing her again regularly until after the October 1975 fall "because she was having much more trouble with this knee . . .." When questioned whether the fall had aggravated Mrs. Vetter's preexist-

ing arthritic condition and the preexisting injury, Dr. Ahrlin answered, "I would probably assume so." He further indicated that "arthritis is usually an injury type thing" and that with a "good injury or a good fall, you speed up the process quite a lot." In answer to questioning as to the extent the injury or fall of October 1975 aggravated Mrs. Vetter's arthritic condition or hastened the necessity for the operation, Dr. Ahrlin responded, "I am sure some, but I wouldn't know how much." The substantial portion of the evidence supports a finding that claimant-appellant's fall in the establishment owned by the Town of Bison did in fact aggravate her preexisting condition and hasten the need for the total knee replacement operation.

The decision of the circuit court is hereby reversed and the case is remanded with instructions that the circuit court remand the case to the South Dakota Department of Labor and Management for the entry of findings of fact and conclusions of law in accordance with this opinion.

WOLLMAN, C. J., and DUNN and MORGAN, JJ., concur.

YOUNG, Circuit Judge, sitting for PORTER, J., who was a member of the Court at the time this case was orally argued.

HENDERSON and FOSHEIM, JJ., not having been members of the court at the time of oral argument, did not participate in this opinion.