**Thomas BARKDULL, Claimant and Appellant,**

v.

**HOMESTAKE MINING COMPANY, Employer, Self-Insurer and Appellee.**

**No. 13415.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 28, 1981.

Decided March 24, 1982.

Bradley G. Bonynge, Sioux Falls, for claimant and appellant.

John J. Delaney of Amundson & Fuller, Lead, for employer, self-insurer and appellee.

DUNN, Justice.

Thomas Barkdull (employee) petitioned for and was awarded worker's compensation benefits by the Director of the Division of Labor and Management (Director). Homestake Mining Company (employer) appealed to the circuit court, which reversed the Director's award. Employee took this appeal asking that the circuit court's order be reversed. We reverse the circuit court's order and remand for reinstatement of the Director's order and findings.

Employee, a miner, was injured on July 14, 1976, in the course of his employment when the ore car in which he was riding collided with another car. At employer's clinic he complained of neck and back pain. One of the clinic's doctors assessed the injury as a soft tissue injury to the sacral 2–4 region, the lower back. The doctor denied that employee had complained of neck pain immediately after the accident. The clinic's records do not document employee's complaint of neck pain until August 25, 1976.

On December 10, 1976, a muscular ligamentous injury to the cervical area, a neck sprain, was diagnosed. A year later, x-rays were taken and a cervical disc degeneration was diagnosed. In January of 1978, employee underwent surgery to treat this disc

degeneration. In all, seven doctors gave their opinions on the cause of the disc degeneration or the nature of employee's disability. These opinions were given by direct testimony, deposition or stipulation.

Employee contends that the Director's award was not clearly erroneous and should be reinstated. Employer argues in support of the circuit court's reversal of the award and attacks several of the Director's findings that it contends were clearly erroneous.

Both the circuit court and this court review an administrative action to determine if it is "clearly erroneous." SDCL 1–26–36(5).

> In reviewing the actions of any agency it is our duty to decide whether the law has been correctly applied and whether the agency's findings are clearly erroneous. *South Dakota Public Utilities Commission v. Otter Tail*, 291 N.W.2d 291 (S.D.1980); *Matter of Certain Territorial Elec. Boundaries, Etc.*, (Mitchell Area), 281 N.W.2d 65 (S.D.1979). In reviewing the sufficiency of the evidence we do not sit as a trial de novo of the agency but limit our review to whether the findings and decision of that agency are clearly erroneous. SDCL 1–26–36(5); *Huffman v. Bd. of Ed. of Mobridge Ind. Sch. Dist., Etc.*, 265 N.W.2d 262 (S.D.1978). The review by this court is the same as that conducted by the circuit court without a presumption of correctness as to the lower court's findings. *South Dakota Public Utilities Commission v. Otter Tail*, supra; *Application of Mont.-Dak. Util. Co., Etc.*, 278 N.W.2d 189 (S.D.1979); *Piper v. Neighborhood Youth Corps*, 90 S.D. 443, 241 N.W.2d 868 (1976).

*Matter of Clay-Union Elec. Corp.*, 300 N.W.2d 58, 60–61 (S.D.1980).

■ Despite some conflicts in the testimony and in the medical records, the Director found that employee had symptoms of a cervical injury within a few days of the accident and that employer had sufficient notice of the injury. See SDCL 62–7–10, 11. These findings were not clearly erroneous.

Nor was the Director clearly erroneous when he found that employee was totally disabled from May 1, 1977, to January 31, 1979. Employer's own records, testified to by employer's paymaster, showed that employee worked only through April. Employee testified to his inability to continue the type of work he had been doing and to his attempts to find other work from May to December. A doctor consulted by employer also recommended lighter work. Employee sought still other medical advice for his complaints and was advised of the limitations he should observe. We find adequate medical testimony to support the finding of temporary total disability.

■■ Although we have never specifically defined "total disability" it has been recognized under the facts of previous holdings. See *Tegels v. Western Chevrolet Co.*, 81 S.D. 592, 139 N.W.2d 281 (1965); *Vetter v. Town of Bison*, 278 N.W.2d 202 (S.D. 1979). The courts of other states have defined total disability. "[A] person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." *Schulte v. C. H. Peterson Construction Co.*, 278 Minn. 79, 153 N.W.2d 130, 133–134 (1967); see *Lee v. Minneapolis State Ry. Co.*, 230 Minn. 315, 41 N.W.2d 433 (1950); 2 A. Larson, The Law of Workmen's Compensation § 57.51 (1981).* All of employee's training and experience was in heavy, skilled labor and as his injury degenerated he was unable to raise his arms above his shoulders or do repetitive bending or lifting of more than ten to fifteen pounds. We adopt the definition of the Minnesota court and hold that the Director's finding that employee was temporarily totally disabled from May 1, 1977, to January 31, 1979, was not clearly erroneous.

---

* See also *Interlake Steel Corp. v. Industrial Commission*, 60 Ill.2d 255, 326 N.E.2d 744 (1975); *Brockhaus v. L. E. Ball Construction Co.*, 180 Neb. 737, 145 N.W.2d 341 (1966).

Employer argues against the Director's finding and in support of the circuit court's finding that employee's cervical degeneration was not the result of a work-related injury. It would serve no purpose to catalog the range of opinions given by the doctors on this subject; they varied depending on which version of the facts was accepted as the basis of the opinion, i.e., whether or not employee had any symptoms of a neck injury within a few days after the accident. The Director, however, found that employee did have such symptoms. The fact that the symptoms occurred within a few days after the accident supports the medical opinions and the Director's finding that the accident caused the cervical degeneration. The circuit court, in reviewing the record, may not substitute its own judgment for that of the Director as to the weight of evidence on questions of fact. *Vetter v. Town of Bison*, supra.

The Director's findings were not clearly erroneous, and the circuit court erred in reversing the award. We reverse and remand with directions to reinstate the Director's decision.

All the Justices concur.