Thomas **BARKDULL**, Claimant
and Appellant,

v.

**HOMESTAKE MINING COMPANY** and
the State of South Dakota, Department
of Labor, Division of Labor and
Management, Respondents and Appellees.

No. 15416.

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1987.

Decided Aug. 26, 1987.

Bradley G. Bonynge, Sioux Falls, for claimant and appellant.

John J. Delaney of Amundson, Fuller & Delaney, Lead, for respondent and appellee Homestake Min. Co.

PER CURIAM.

This is an appeal by Thomas Barkdull from an order of the trial court affirming the Department of Labor's denial of his claim for rehabilitation benefits. We affirm.

## FACTS

Barkdull was injured on July 14, 1976, while working for Homestake Mining Company. Following a lengthy legal battle, this court upheld an award of worker's compensation benefits to Barkdull. *See Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417 (S.D.1982).

As a result of the injury, Barkdull was unable to return to his occupation as a "miner;" however, at the time of his injury in 1976, he was a welder for Homestake. So in June of 1978, Barkdull enrolled in the business management program at Black Hills State College; thereby, he planned to pursue a career in the travel and tourism industry. Barkdull also applied for rehabilitation benefits from the South Dakota Department of Vocational Rehabilitation. In December of 1978, that agency certified Barkdull as being eligible for assistance.

Barkdull's college career was interrupted on several occasions. He dropped out of school in 1979 and taught welding for almost a year at the state penitentiary in Sioux Falls. After leaving his job at the penitentiary, he enrolled in the business administration program at Dakota State College. While a student there, he suffered from drug and alcohol abuse and was hospitalized for a time at the Human Services Center in Yankton. Despite these problems, Barkdull planned to earn his college degree by the end of the 1983 summer school session.

In September of 1982, Barkdull filed a petition for rehabilitation compensation[*] for the entire period in which he (a) attended college and (b) planned to attend college. His claim was based on SDCL 62–4–5.1 (which we note is additional compensation); the statute states in part:

> An employee who suffers disablement as defined by subdivision (2) of § 62–8–1 or an injury, and is unable to return to his usual and customary line of employment, shall receive compensation at the rate provided by § 62–4–3 during the period he is engaged in a program of rehabilitation which is *reasonably necessary to restore the employee to suitable, substantial and gainful employment.* (Emphasis added.)

Barkdull claimed that his program of rehabilitation, which consisted of a four-year college degree program in business administration, was necessary to restore him to suitable employment. Following a hearing on the matter, the Department of Labor denied Barkdull's claim. Barkdull appealed to the circuit court, which affirmed the decision of the Department of Labor.

## ISSUE

We are confronted with this issue: Is a four-year college degree program a program of rehabilitation which is reasonably necessary to restore Barkdull to suitable, substantial, and gainful employment? SDCL 62–4–5.1. If so, he is entitled to rehabilitation compensation. Barkdull argues that his employability will be enhanced by a college education and that "suitable, substantial and gainful employment" should be interpreted broadly to allow for his prior experience and earning capacity.

## SCOPE OF REVIEW

In appeals from decisions of administrative agencies, this court's scope of review is prescribed by SDCL 1–26–37.

[*] Compensation during a period of rehabilitation is distinct from disability benefits as well as rehabilitation benefits derived from Vocational Rehabilitation.

This court makes the same review of the agency's decision as did the circuit court, unaided by any presumption that the circuit court's decision was correct. We determine whether or not the agency's findings of fact are clearly erroneous in light of all the evidence in the record, and whether its conclusions of law, which are fully reviewable, are affected by mistake of law. *Permann v. South Dakota Dept. of Labor*, 411 N.W.2d 113 (S.D.1987); *Matter of Viereck*, 411 N.W.2d 102 (S.D.1987); *Lee v. Dept. of Health*, 411 N.W.2d 108 (S.D. 1987).

### DECISION

■ This court has never examined SDCL 62-4-5.1 to determine whether a specific program of rehabilitation was "reasonably necessary to restore the employee to suitable, substantial and gainful employment." However, courts in other jurisdictions which have construed similar language have concluded that a four-year program of college education falls far outside the terms of the statute. *See Ex Parte Beaver Valley Corp.*, 477 So.2d 408 (Ala. 1985) (statute provided for rehabilitation benefits "reasonably calculated to restore the employee to gainful employment"); *Ayoub v. Ford Motor Co.*, 101 Mich.App. 740, 300 N.W.2d 508 (1980) (statute provided for benefits "reasonably necessary to restore him to useful employment"); *City of Salem v. Colegrove*, 228 Va. 290, 321 S.E.2d 654 (1984) (statute provided for "reasonable and necessary vocational rehabilitation training services"); *see also* A. Larson, *The Law of Workmen's Compensation* § 61.22 (1986).

■ We find these authorities to be persuasive. The kind of rehabilitation program contemplated by SDCL 62-4-5.1 is that which enables the disabled employee to find suitable and gainful employment, not to elevate his station in life. An injured worker cannot insist upon a college education if other suitable employment opportunities exist which do not require college training.

Here, we determine the record is absolutely clear that suitable employment opportunities existed for Barkdull, even without a college education. He worked for almost a year as a welding instructor at the state penitentiary and could have renewed his contract with that institution, but he failed to do so. The Department of Vocational Rehabilitation concernedly and conscientiously bought a welder for Barkdull to equip him to be certified for that trade. This reflected an extension of its services to help him. Barkdull also expressed an interest in selling real estate and could have obtained a real estate sales license with only thirty hours of study. A vocational rehabilitation counselor testified that there are a number of occupations available in South Dakota, including Barkdull's chosen field of travel and tourism, which do not require a college education. A Job Service representative testified that there are numerous employment opportunities for individuals such as Barkdull in the fields of administration, sales, civil service, and tourism; the salaries in such jobs range from $12,000 to $25,000 per year. The representative added that while a college degree might enhance Barkdull's employability, lack of a college degree does not prohibit entry into these fields.

Without question, Barkdull had numerous opportunities for rehabilitation in the job market and with his drug and alcohol problem. A four-year college degree, per se, will not automatically lift him to a suitable, stable position whereby he is economically asssured of a good living and substantial gainful employment. In light of the entire evidence in the record, the crucial conclusion of law entered by Creighton Robertson, deputy director of the Department of Labor, pertaining to a four-year college degree, was not affected by mistake of law or error of law. SDCL 1-26-36(4); *Permann, supra* at 116.

The judgment of the trial court is affirmed.