In re The APPLICATION BY ST. LUKE'S HOSPITAL, ABERDEEN, South Dakota, for a Certificate of Need to Add Radiation Therapy Services in a Renovated Portion of the. Family Health Center to Include the Construction of an Addition and the Purchase of a Linear Accelerator. The Total Project is Estimated to Cost $1,461,000.

Nos. 15552, 15574, 15553 and 15575.

Supreme Court of South Dakota.

Argued Aug. 31, 1987.

Decided Oct. 21, 1987.

Robert E. Mayer, Asst. Atty. Gen., Pierre, for appellant State of South Dakota Dept. of Health; Roger A. Tellinghuisen, Atty. Gen., Pierre, on brief.

Rory King of Siegel, Barnett & Schutz, Aberdeen, for appellant St. Luke's Hosp.

Regina C. Williams, Minneapolis, Minn., for appellee Dakota Midland Hosp., William J. Srstka, Jr. of Olinger, Srstka, Lovald, Robbennolt & Tieszen, Pierre, on brief.

HEEGE, Circuit Judge.

This appeal involves a Certificate of Need that was issued by the South Dakota Department of Health (Department) to St. Luke's Hospital (St. Luke's) authorizing the hospital to acquire advanced cancer treatment equipment. A competing local hospital, Dakota Midland Hospital (Dakota Midland), appealed the Department's decision to the circuit court, which reversed and remanded the Department's decision. St. Luke's appeals to this court. We reverse and remand, which results in reinstating the Certificate of Need and lifting the circuit court's stay.

St. Luke's Hospital (St. Luke's) of Aberdeen, South Dakota, is a Catholic nonprofit general acute care hospital, licensed for 160 beds. St. Luke's filed its application for a Certificate of Need with the Department on July 5, 1985, seeking permission to provide radiation therapy services for the treatment of cancer by purchasing a 10 MeV Linear accelerator, a treatment planning computer, and dosimetry equipment. St. Luke's also proposed to renovate existing space on the hospital campus.

At the time of St. Luke's application, Dakota Midland of Aberdeen, South Dakota, also operated a fixed cobalt–60 radiation therapy unit with a Picker superficial radiation therapy unit. Dakota Midland appeared and objected at the public hearing on St. Luke's application on August 21, 1985. Preliminary findings of fact and an analysis prepared by the Department's staff to be considered by the Secretary of Health concluded that "the fixed cobalt–60 unit [presently] available in Aberdeen is limited in its application and cannot provide patients the benefits of modern mega voltage equipment." Six days after the dissemination of the staff analysis of St. Luke's application, the Board of Directors of Dakota Midland voted to purchase a theratron–80 rotational cobalt unit and so advised the Department.

On December 6, 1987, the Department denied St. Luke's application concluding that the documentation failed to establish that a segment of the service population is not being or cannot be served by the rotational cobalt radiation therapy services provided by Dakota Midland in Aberdeen and also failed to establish that the proposal would not be a duplication of existing services.

St. Luke's requested that Department reconsider its conclusions in light of the decision of St. Luke's Board of Directors to purchase a dual photo 6–20 MeV linear accelerator which would enable St. Luke's to treat, in an optimal fashion, any tumor which is capable of being treated by radiation. At the Department's hearing to reconsider St. Luke's request, Dakota Midland appeared and objected to St. Luke's application for a Certificate of Need. On March 21, 1986, Department granted St. Luke's application for a Certificate of Need for a dual photon-electron 6–20 MeV linear accelerator, finally concluding that the "addition of a linear accelerator (proposed by St. Luke's) will further the development of Aberdeen as a regional center for radiation and oncology services" and " * * * * will complement the existing cobalt equipment

in the area (provided by Dakota Midland) insuring accessibility for all patients."

■ The Department generally argues that, contrary to the trial court's conclusions, the Certificate of Need proceedings conducted pursuant to SDCL ch. 34–7A did not violate either SDCL ch. 1–26 (administrative procedure) or Dakota Midland's due process rights. The special rules relating to applications for and granting or denying Certificates of Need issued by the Department under SDCL ch. 34–7A are an exception to the Administrative Procedures Act, SDCL ch. 1–26, and were here utilized in lieu of contested case proceedings under SDCL ch. 1–26. St. Luke's application and request for a Certificate of Need was the subject of a hearing as provided by SDCL 34–7A–35 through 34–7A–44, inclusive. Additionally, a reconsideration hearing was held at which Dakota Midland appeared, presented evidence, cross-examined witnesses and documented its objection to St. Luke's application. Thus, Dakota Midland was afforded due process; and a contested case hearing as provided by SDCL ch. 1–26 was unnecessary.

On review of the Department's decision under SDCL 34–7A–45, the circuit court also concluded and Dakota Midland argues that the grant of the Certificate of Need to St. Luke's exceeded the limits imposed by the state health plan, which was adopted by South Dakota's State Health Coordinating Council (Council).* We disagree.

■ The state health plan adopted by the Council does not provide mandatory laws, rules and regulations which are either to be complied with or violated. Instead, the plan states broad policies, priorities, descriptions and evaluations of services, general goals and suggested guidelines for the meeting of those goals. The "guidelines" should not be viewed from the legalistic, monopolistic or materialistic standpoint urged by Dakota Midland which is the antithesis of the announced purpose of the state health plan. The plan is designed to "guide resource allocation in the achievement of equal access to quality health care

---

* See the National Health Planning and Resources Development Act of 1974, 42 U.S.C. §§ 300K et. seq.; S.D. Governor's Exec. Order 83–7, A.R.S.D. (April 14, 1983).

at a reasonable cost for all South Dakotans." St. Luke's proposal is in harmony with the goals of the state health plan "to provide all South Dakotans the best possible health status and health care at the lowest effective cost." As suggested by St. Luke's, the goals of the plan are accomplished in this case by providing equal access to quality health care in treating a serious disease which is the second leading cause of death in South Dakota; serving under-populated, rural areas; and avoiding the human cost and suffering for the treatment and care of the elderly of our state, for whom travel to a distant site for radiation therapy is often impossible. The decision of the Department to grant St. Luke's Certificate of Need is consistent with the state health plan's "guidelines".

■ Our scope of review was recently discussed in *Barkdull v. Homestake Mining,* 411 N.W.2d 408 (S.D.1987). On review, the Department's decision is neither clearly erroneous nor arbitrary or capricious and should be reinstated.

The judgment and orders of the circuit court are reversed and the matter remanded to Department to issue the Certificate of Need to St. Luke's.

WUEST, C.J., MORGAN and HENDERSON, JJ., and FOSHEIM, Retired Justice, concur.

FOSHEIM, Retired Justice, sitting for SABERS, J., disqualified.

HEEGE, Circuit Judge, sitting for MILLER, J., disqualified.

