Sheryll K. SCHLENKER, Claimant and Appellee,

v.

BOYD'S DRUG MART, Employer and Appellant,

and

United States Fidelity and Guaranty Company, Insurer and Appellant.

No. 16756.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1990.

Decided July 18, 1990.

Scott Sumner of Banks, Johnson, Johnson, Colbath & Huffman, Rapid City, for claimant-appellee.

Dennis W. Finch of Finch, Viken, Viken & Pechota, Rapid City, for employer/insurer-appellants.

MILLER, Justice.

In this opinion, we affirm a circuit court's reversal of a Department of Labor decision in a worker's compensation case and hold that Department erred when it denied permanent total disability benefits to a claimant until she completed a pain clinic program.

## FACTS/PROCEDURAL HISTORY

It is undisputed that in August, 1982, claimant (age 42 at the time of the proceedings before Department) severely injured her back while working for employer. Although she initially returned to work, she ceased working upon the medical advice of a neurosurgeon. She ultimately underwent two laminectomies and an epidural steroid block, but did not recover. Her neurosurgeon gave her a twenty percent whole body disability rating, diagnosing her condition as a "failed disc syndrome."

Claimant was referred to various doctors and consulted with vocational rehabilitation specialists and a physical therapist. A vocational rehabilitation counselor retained by employer, who evaluated various reports concerning claimant (but who never personally saw her), recommended that she attend a pain clinic as part of a rehabilitation program.[1]

Counsel for claimant and employer/insurer entered into a "Memorandum of Understanding" in December, 1986, whereunder the worker's compensation hearing before Department would be indefinitely postponed upon claimant's agreement to attend a "pain management program" at some mutually agreed-upon facility. Employer/insurer agreed to retroactively continue to pay claimant temporary total disability benefits (they had terminated in June 1986) pending completion of the program and to pay for the costs of the program.

After receiving information concerning various programs, claimant agreed to attend the four-week program in the pain clinic at McKennan Hospital in Sioux Falls, South Dakota. She chose this location over others because it was nearest in proximity to her relatives' home in eastern South Dakota. Her neurosurgeon, Dr. James, had previously advised her that the pain clinic would not be productive to her. Because of her dissatisfaction with the program, and comments made to her by certain professionals at McKennan Hospital, she returned home after completing only one day of evaluation.

Through counsel, claimant proceeded with her worker's compensation claim, seeking permanent total disability benefits. Employer/insurer, although conceding she was severely disabled, asserted that her claim should be denied because of her refusal to complete the pain clinic program.

At the hearing, only claimant and a voca-

---

1. Jan Lowe, the certified vocational rehabilitation counselor hired by insurer, testified that pain clinics are "designed to help her learn to live with the complications of her pain." Also, "they teach people to live with their chronic pain and also to return to productivity."

tional rehabilitation counselor testified.[2] The balance of the evidence was presented by deposition. Department ultimately issued a decision followed by findings of fact and conclusions of law. Department's conclusions hold that claimant "is severely disabled, however, a determination of permanent total disability cannot be made until completion of a pain clinic program." It ruled that she could continue to receive temporary total disability compensation for a reasonable period, pending enrollment and completion of a pain clinic.

Claimant appealed Department's ruling to the circuit court, which reviewed the record pursuant to SDCL 1–26–37. *Infra.* That court found not only that claimant is severely disabled but that the pain is real and not psychological. It also found that Department's only basis for denying the claim was claimant's failure to prove her total disability by virtue of her unwillingness to attend a pain clinic. The court noted that the only medical testimony (that of Dr. James) was an opinion that the pain clinic would not do claimant any good because she is not susceptible to treatment or improvement through such a program.[3] The trial court found the testimony of the two vocational rehabilitation counselors recommending a pain clinic "to be insubstantial and without sufficient weight, credibility and foundation" to support Department's holding. The trial court reversed Department, concluding that the agency decision was clearly erroneous and holding that claimant is permanently and totally disabled under the odd-lot doctrine and SDCL 62–4–6(23) and 62–4–7. We affirm.

## DECISION

### SCOPE OF REVIEW

SDCL 1–26–37 provides:

An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. *Such appeal may not be considered de novo.* (Emphasis added.)

We review the administrative agency's decision the same as did the circuit court, not substituting our judgment for that of the agency's on the weight of the evidence pertaining to questions of fact unless clearly erroneous or characterized by an abuse of discretion. *Lee v. South Dakota Dept. of Health,* 411 N.W.2d 108 (S.D.1987); *Appeal of Templeton,* 403 N.W.2d 398 (S.D. 1987). Nor do we make any presumptions that the circuit court's decision was correct. *Templeton, supra.*

"... When the issue is a question of law, the decision of the administrative agency and the circuit court are fully reviewable. *Matter of Change of Bed Category of Tieszen,* 343 N.W.2d 97 (S.D.1984); *Nash Finch Co. v. S.D. Dept. of Rev.,* 312 N.W.2d 470 (S.D.1981). When the issue is a question of fact, we ascertain whether the administrative agency was clearly erroneous. *Matter of S.D. Water Mgmt. Bd.,* 351 N.W.2d 119 (S.D.1984); *State Div. of Human Rights v. Miller,* 349 N.W.2d 42 (S.D.1984)."

*Permann v. Dept. of Labor, Unemp. Ins. D.,* 411 N.W.2d 113, 116 (S.D.1987) (citing *Johnson v. Skelly Oil Company,* 359 N.W.2d 130, 132 (S.D.1984)); *see also Han-*

---

**2.** Vocational rehabilitation counselor Ochs testified, among other things, that she was "too seriously disabled. I can't work with her" and that she would not benefit from the program of vocational rehabilitation. Only a few of his clients (four) have been to pain clinics. None of them received any physical benefit.

**3.** Dr. James further testified that physical therapy "would not improve her status and probably result in more pain"; that he is not an advocate

of pain clinics because of "poor experience in terms of decent results with respect to patients in this category"; that he would not refer her to a pain clinic because he did "not feel it would be productive"; and that a patient who would most benefit is one "with a high level of anxiety and the functional problems rather than marked organic sort of based pain problems"; she is not "suitable" for a pain clinic.

son v. Penrod Const. Co., 425 N.W.2d 396 (S.D.1988).

As stated by Justice Morgan in his special concurrence (joined by this author) in *Lawler v. Windmill Restaurant,* 435 N.W.2d 708, 711 (S.D.1989) (citations omitted), we have two tenets of appellate administrative review, namely:

(1) the question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding....; and (2) the court shall give great weight to the findings made and inferences drawn by an agency on questions of fact....

MERITS

■ We have consistently held since *Barkdull v. Homestake Min. Co.,* 317 N.W.2d 417 (S.D.1982), that:

'[A] person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income.'

*Wendel v. Domestic Seed & Supply,* 446 N.W.2d 265, 270 (S.D.1989) (brackets in original) (citing *Hanson, supra*). "Under this 'odd-lot' test, the claimant has the burden to make a prima facie showing that his physical impairment, mental capacity, education, training, and age place him in an odd-lot category." *Wendel, supra* 446 N.W.2d at 270 (citations omitted). "The burden then shifts to the employer to show that some form of suitable work is regularly and continuously available to the claimant." *Id.*

■ The facts here are somewhat unusual. Claimant agreed to go through a pain clinic program before a final determination of Department would be made regarding her claim. She was to receive temporary total disability benefits through the completion of the program after which Department would rehear her claim regarding permanent total disability. Claimant appeared for the first day's evaluation and refused further treatment thereafter. De-

partment held that claimant failed to prove she was permanently and totally disabled by refusing such further treatment.

Employer/insurer assert that it was improper for claimant to refuse treatment unless such refusal was reasonable. We agree. Once claimant agreed to attend the pain clinic, the burden to prove permanent total disability remained with her, it had not yet shifted to employer to prove that some suitable work was available. We also agree that unless evidence exists to show that her refusal was reasonable, she has failed in her burden of proof.

■ Employer/insurer cite us to 1 Larson's Workmen's Compensation Law § 13.22(b), for the rule that "[t]he question of whether refusal of treatment should be a bar to compensation turns on a determination of whether the refusal is reasonable." That section goes on to state that, "[r]easonableness in turn resolves itself into a weighing of the probability of the treatment's successfully *reducing the disability by a significant amount,* against the risk of the treatment to the claimant." (Emphasis added.) Therefore, the issue is not whether she should have attended the pain clinic, but whether her refusal to continue was reasonable based on the likelihood of success. We hold that this requires a showing that a reasonable probability exists that through the pain clinic the claimant will be rehabilitated. *Id.*

The testimony of McKennan pain clinic nurse coordinator Fargen indicated that the clinic was going to overlook some of their normal procedures. That is, they were not going to require the presence of a family member during the evaluation and claimant was not allowed time to go home between the evaluation and the program to decide whether or not she wanted to participate. She was taken through the evaluation one day and was to immediately enter the program the next. Additionally, Fargen testified that a person must have a positive attitude towards the program, *i.e.,* they need to be comfortable and feel that they will receive some benefit from going through it. Obviously, from our reading of the record and the testimony of claimant, it

is clear she did not have this positive attitude nor did she feel comfortable about the way her case was being handled by these people. She testified that she did not like the idea of being separated from her family for the required length of time and at such a great distance from them. She also felt she was being lied to and improperly pushed into the program. Furthermore, she testified that during her visit with Dr. Bloom, the pain clinic psychologist, he indicated to her that she should not even begin the program until the worker's compensation case was settled.[4] Claimant further testified that after a visit with the clinic's physical therapist, he could not guarantee her that her back would not actually be worse. Additionally, she testified that Dr. Bloom told her that she did not need to go through the psychological portion of the program, and that she only needed physical therapy.

In light of the evidence surrounding claimant's attempts to alleviate her pain, which include consultation with numerous doctors and vocational rehabilitation counselors, coupled with two surgeries, an epidural steroid block injection, various exercises and medications, in addition to claimant's testimony that she was not opposed to a pain clinic under the right circumstances, all coupled with the negative comments to her about pain clinics from Dr. James and Vocational Rehabilitation Counselor Ochs, we hold that her refusal to continue in the pain clinic was not unreasonable. No evidence presented convincingly suggested a likelihood of improvement.

We note that all recommendations for pain clinic therapy came from vocational rehabilitation specialists (retained by employer/insurer). That is not satisfactory or adequate. *There must also be expert medical testimony to establish the beneficial effects of such a program.* *See also Wendel, supra* at 270.

We must reiterate that everyone agrees that claimant is severely disabled and that her pain is not psychological. In fact, Department's memorandum decision states "... the sensation of pain Claimant feels is not a psychological reaction, but a very real physical pain, which impinges upon Claimant's life style."

Although not in its findings and conclusions, in its decision Department cited two of its own holdings in other cases as precedent for the proposition that claimant must establish that she would not benefit from a program of rehabilitation and which cases "impliedly endorsed pain clinics as a part of the assessment process for determining the ability to be rehabilitated[.]" We have not seen those cases and obviously are not bound by such administrative rulings.

We agree with the trial court that claimant met her burden of making a prima facie showing of permanent total disability absent her attending the pain clinic. Her refusal to complete the pain clinic was reasonable.

Affirmed.

MORGAN and SABERS, JJ., concur.

HENDERSON, J., concurs in result.

WUEST, C.J., dissents.

WUEST, Chief Justice (dissenting).

I dissent. The claimant agreed to attend the pain clinic and the employer/insurer agreed to retroactively continue to pay claimant temporary total disability benefits. In view of this agreement, the Department was not in error denying permanent total disability benefits until she completed the pain clinic program. I would reverse the circuit court and affirm the Department.

---

4. Employer/insurer states that the main reason claimant refused any further treatment at the pain clinic was because she was concerned that if she got better it might affect her compensation claim. We disagree with that assessment. Employer/insurer makes reference to a statement which was actually made by Dr. Bloom, to the effect that "she was uncertain as to whether a return to work would mean that she would lose her right to make claims for past compensation for work lost, and this was a concern of hers."