**Riley SHEPHERD, Appellant,**

**v.**

**MOORMAN MANUFACTURING, Employer, and Liberty Mutual Insurance Company, Insurer, Appellees.**

**No. 17079.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 8, 1991.

Decided March 27, 1991.

Wm. Jason Groves, Rapid City, for appellant.

Susan Jansa Brunick, Davenport, Evans, Hurwitz & Smith, Sioux Falls, for appellees.

SABERS, Justice.

Worker's Compensation claimant appeals denial of his claim of permanent total disability by Department of Labor and circuit court.

### Facts

Riley Shepherd (claimant) worked as a salesman and deliveryman of livestock feeds and feeding equipment for Moorman Manufacturing (employer) from 1975 to 1984. On November 11, 1983, he suffered a serious back injury while delivering supplies to a customer. At the time of his accident, he was 45 years old. He had a high school equivalency and a general agricultural work history.

From the morning after his accident, Shepherd began experiencing pain in his lower back which prevented him from continuing the delivery and unloading part of his job. For several months, he worked from his home, maintaining contact with his sales customers by telephone and seeing a chiropractor for relief of pain. However, the pain spread through his buttocks and down his legs, and became so debilitating that he found himself increasingly unable to concentrate. In April, 1984, he quit working altogether and took a leave of absence from employer. During the summer of 1984, employer's insurer Liberty Mutual (insurer) hired a private rehabilitation consultant, Phillips, to work with him. During the same time period, claimant independently applied for assistance with the South Dakota Department of Vocational Rehabilitation (DVR).

On November 7, 1984, laminectomy surgery was performed on his back. He testified that this surgery substantially relieved his back and leg pain for the next year and a half. In the summer of 1985, the surgeon who performed the laminectomy released him to return to work with certain restrictions on lifting, overtime and prolonged sitting. The surgeon also prescribed a soft brace for him to wear during periods of tension. The surgeon continued to see him at 3–month intervals.

In the fall of 1985, insurer hired Dr. Berkebile to examine claimant and evaluate his physical condition. While Berkebile found that the surgery yielded excellent results and restored claimant's ability to function, he noted residual symptoms of sciatic nerve injury, and rated claimant as 100% disabled for his old job and at least 50% disabled for other jobs.

In 1986 claimant entered into negotiations to purchase a tourist business in the Black Hills. DVR closed its two year old file on claimant for this reason. However, the purchase was never consummated because of a fire which destroyed the facility.

During this same period, claimant's presurgery symptoms began to return and he found himself in increasing pain. He reported pain radiating down as far as his right heel. He was unable to remain in any position for more than 15–30 minutes at a time, and unable to do many simple household chores or concentrate long enough to read a book. Claimant reported that on occasion he was awakened by pain and had to leave his bed and sit in a recliner in order to get relief. He defined a "good day" as a day in which he was without pain for two consecutive hours. On bad days, he reported that it took him two hours to get out of bed. In general, he

described his condition as "deteriorating" and testified that "I have to use most of my time just fighting my pain."

On December 23, 1987, claimant petitioned the Department of Labor (Department) for a hearing to determine his eligibility for permanent total disability benefits.

In May of 1988, Dr. Berkebile again examined claimant, this time at claimant's request. While Berkebile observed little overt physical change since the 1985 examination, he noted increased symptoms of pain and some slight loss of sensation. Berkebile sent claimant to another doctor for a neurological evaluation and a CAT scan. Berkebile testified that the further examination revealed mild irritation of claimant's L–5 rootlet and that his continuing back problems were arthritis-related.

During the spring and summer of 1988, claimant resumed his contact with DVR, and insurer's rehabilitation consultant Phillips again saw claimant. DVR and Phillips both concluded, without benefit of Dr. Berkebile's report, that claimant was unemployable and not an appropriate subject for rehabilitation.

The hearing to determine eligibility for permanent total disability benefits was held on March 8, 1989. DVR testified that claimant's physical limitations rendered him unemployable in the Rapid City and Black Hills labor market. Claimant testified about his pain and claimant's spouse testified as to changes in claimant's behavior and personality. In addition, Dr. Berkebile testified for claimant on the results of his 1988 examination. Employer called only Phillips, who retreated from his earlier conclusion that claimant was unemployable and testified that there were jobs available for persons with claimant's physical limitation.

On June 13, 1989, Department ruled that while claimant had sustained his burden of proof that his present condition was caused by his 1983 work accident, he did not make a prima facie case under the odd-lot doctrine that his present condition was permanently and totally disabling. On appeal, the circuit court affirmed the Department in all respects.

On this appeal, the issue is whether claimant made a prima facie case of permanent total disability under the odd-lot doctrine.

### Decision

Under the odd-lot doctrine, "a person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income." *Wendel v. Domestic Seed & Supply*, 446 N.W.2d 265, 270 (S.D. 1989); *Hanson v. Penrod Constr. Co.*, 425 N.W.2d 396, 398 (S.D.1988); *Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417, 418 (S.D.1982). The ultimate burden of persuasion on this point remains with the claimant. *Guyton v. Irving Jensen Co.*, 373 N.W.2d 101, 105 (Iowa 1985). However, if the claimant's physical condition, coupled with his education, training and age, make it obvious that he is in the odd-lot total disability category, the burden of production shifts to the employer to show that some suitable employment is actually available in claimant's community for persons with claimant's limitations. *Rank v. Lindblom*, 459 N.W.2d 247, 249 (S.D.1990); *Wendel v. Domestic Seed and Supply, supra;* 2 Larson, *The Law of Workmen's Compensation* § 57.61(c) (1989). If, on the other hand, "the claimant's medical impairment is so limited or specialized in nature that he is not obviously unemployable or relegated to the odd-lot category," then the burden remains with the claimant to demonstrate the unavailability of suitable employment by showing that he has unsuccessfully made "reasonable efforts" to find work. 2 Larson, *supra*, at § 57.61(d); *Franklin Fabricators v. Irwin*, 306 A.2d 734, 737 (Del.1973).

In this case, claimant concededly made no efforts to find work because he claims his pain would prevent him from working even if he found work. Therefore, the outcome of the case hinges on whether the

facts claimant was able to marshal about his physical condition, in combination with his age and background, make it so clear that he is totally disabled that the burden of showing employability is shifted to employer.

▮ Whether the claimant made a prima facie case that he belongs in the odd-lot total disability category is a question of fact. *Schepanovich v. United States Steel Corp.*, 669 P.2d 522, 529 (Wyo.1983). The Department's determination that claimant failed to make the required prima facie showing will not be overturned unless we find that the determination was "clearly erroneous." *Cozine v. Midwest Coast Transport, Inc.*, 454 N.W.2d 548, 551 (S.D. 1990); SDCL 1–26–36(5). This means that "[w]e do not substitute our judgment for that of [Department] on the weight of evidence[.]" *Rank v. Lindblom, supra,* at 248. *See also Wendel v. Domestic Seed and Supply, supra,* at 271. In other words, even if there is evidence in the record which tends to contradict the Department's factual determination, so long as there is some "substantial evidence" in the record which supports the Department's determination, this court will affirm it. *Schepanovich, supra; Governor Bacon Health Center v. Noll,* 315 A.2d 601, 605 (Del.Super.1974).

The crux of claimant's case for total disability is that he suffers such substantial and frequent pain that he not only cannot physically exert himself but he cannot even sit still or concentrate for more than a few minutes at a time, and that his endurance as well as his daily schedule can vary dramatically depending on whether he is having a good day or a bad day. Claimant argues that because of the overwhelming presence of pain in his life, coupled with his age and educational background, it ought to be manifest that no one is going to hire him for any kind of steady work, and the burden ought to be shifted to his former employer to show the existence of specific jobs in the Black Hills area suitable to someone with his limitations.

Numerous jurisdictions have explicitly recognized that "the law will not deprive an injured person of compensation when, although he is physically able to perform his tasks, to do so means he must suffer substantial pain and ... retard the ... complete recovery of his health." *Glidden v. Alexandria Concrete Co.*, 242 La. 626, 137 So.2d 894, 896–897 (1962). "When an employee is unable to return to his former occupation because he is unable to perform the duties required of him due to the fact that he experiences substantial pain while so engaged, he is entitled to permanent and total disability benefits under the workmen's compensation act." *Ordoyne v. Wilson,* 262 So.2d 82, 83 (La.App.), *writ refused,* 262 La. 473, 263 So.2d 729 (1972). *See also Perez v. Int'l Minerals & Chemical Corp.,* 95 N.M. 628, 624 P.2d 1025, 1032 (1981); *Wilmington Fibre Specialty Co. v. Rynders,* 316 A.2d 229, 232 (Del.Super. 1974), *aff'd,* 336 A.2d 580 (Del.1975); *Midland–Ross Corp. v. Industrial Comm'n,* 107 Ariz. 311, 486 P.2d 793, 796 (1971); *Boling v. Raytheon Co.,* 223 Tenn. 528, 448 S.W.2d 405, 407 (1969); *Walker v. State Compensation Dept.,* 248 Or. 195, 432 P.2d 1018, 1019 (1967); *Williamson v. Aetna Cas. & Surety Co.,* 101 Ga.App. 220, 113 S.E.2d 208, 210–211 (1960). "As regards persons who cannot do even light work uninterruptedly, it is incumbent upon the employer to show that suitable work is available, and if the employer fails to meet that burden, the [Department] should hold that the injured worker is [totally disabled]." *Wilhoit Int'l v. Tidwell,* 497 So.2d 958, 961 (Fla.App.1st Dist.1986). This court affirmed a finding of permanent total disability based largely on a claimant's severe and chronic pain in *Wendel v. Domestic Seed & Supply, supra.*

▮ A worker's compensation claimant who persuades the trier of fact that he is in the kind of continuous, severe and debilitating pain which Shepherd claims has made a prima facie case that he is in the odd-lot category, and the burden then shifts to the employer to show availability of suitable work. Here, Department was not persuaded by claimant. Therefore, our "clearly erroneous" review of Department's determination resolves itself into

this question: Is there any substantial evidence in the record that supports the Department's conclusion that claimant does not experience the kind of pain which he claims? If there is, we must uphold the Department's determination.

We find no evidence that claimant is not in the kind of continuous, severe and debilitating pain which makes the required prima facie showing of total disability. None of the testimony of either DVR or Insurer's rehabilitation consultant Phillips is relevant to this specific inquiry. No evidence was presented that claimant or his spouse were lying about his condition. No medical evidence was presented that demonstrated claimant's physical condition to be inconsistent with the symptoms he was reporting. No witnesses came forward to testify that claimant was engaged in any activity at odds with his pain or claimed limitations.

In contrast to the testimony of the vocational experts, Dr. Berkebile's deposition is directly relevant to the existence of claimant's pain. Although his deposition is ambiguous in places, it is clear on at least five critical points:

(1) that claimant's condition was caused by the accident on November 11, 1983;

(2) that claimant's condition is "permanent and stationary";

(3) that claimant's reports of pain are "consistent with the nature of the problems that are reported in the history and the treatment";

(4) that it is "possible" that working in pain could worsen claimant's condition; and

(5) that claimant "is going to have to decrease the activity, change it, do something different to get relief."

Dr. Berkebile also testified that Shepherd's pain "will [a]ffect any type of job activity or any type of activity that he tries to do over a long period of time. I don't think he can sit and knit ... or make jewelry over a ... prolonged period of time. I don't think he can walk for a prolonged period of time." Nothing in Berkebile's deposition or the record supports a determination that claimant's condition is not what he says it is.

Because claimant's physical condition, in combination with his age, training and experience, makes a prima facie case for total disability under the odd-lot doctrine, and because there is no substantial evidence in the record that claimant's alleged physical condition is not true, we conclude that Department was clearly erroneous in finding that claimant did not make a prima facie case of total disability.

We reverse and remand for a determination of whether, based on the present record, employer met its burden that there is available work for claimant despite his limitations. For the employer to have met this burden, the evidence must show more than a general availability of jobs to persons with some of claimant's disabilities. Employer must have demonstrated the existence of "specific" positions "regularly and continuously available" and "actually open" in "the community where the claimant is already residing" for persons with *all* of claimant's limitations. *Rank v. Lindblom, supra,* at 249; *Bumble Bee Seafoods v. Director, Office of Wkrs. Comp.,* 629 F.2d 1327, 1329–30 (9th Cir. 1980).

Reversed and remanded.

MILLER, C.J., WUEST and HENERSON, JJ., and HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, concur.

AMUNDSON, J., not having been a member of the court at the time this opinion was considered, did not participate.