Connie K. STANG, Claimant
and Appellee,

v.

MEADE SCHOOL DISTRICT
46–1, Employer and Appellant,

and

American States Insurance,
Insurer and Appellant.

No. 18430.

Supreme Court of South Dakota.

Considered on Briefs April 25, 1994.

Decided Jan. 11, 1995.

Rehearing Denied Feb. 16, 1995.

James D. Leach, Viken, Viken, Pechota, Leach & Dewell, Rapid City, for appellee.

David M. Dillon, of Costello, Porter, Hill, Heisterkamp & Bushnell, Rapid City, for appellants.

McMURCHIE, Circuit Judge.

Meade School District 46–1 (Employer) and American States Insurance (Insurer) appeal a circuit court judgment in a worker's compensation case. Judge Steven L. Zinter affirmed the Division of Labor and Management's (Division) decision to classify the claimant, Connie Stang (Stang), within the odd-lot category. We affirm.

## ISSUE

WAS THE DEPARTMENT'S DECISION GRANTING STANG PERMANENT TOTAL DISABILITY BENEFITS UNDER THE ODD–LOT DOCTRINE CLEARLY ERRONEOUS IN LIGHT OF THE ENTIRE EVIDENCE?

## FACTS

On March 14, 1989, Stang, while employed as a custodian by Employer, attempted to

unclog the chute on a snow blower without turning it off. Her left hand was badly injured with multiple fractures and significant soft tissue damage, resulting in three operations.

Stang was taken to Sturgis Hospital, then transferred by ambulance to Rapid City Regional Hospital. During the course of Stang's treatment, Michael D. Brandner, M.D., a hand surgeon, performed three separate surgeries as Stang's treating physician.

On June 17, 1991, Dr. Brandner determined that Stang had reached maximal recovery. Dr. Brandner's assessment of Stang's injury included notations that Stang had diminished grip strength, pinch strength, length of the index finger, range of motion involving the left wrist and all fingers of the left hand. Additionally, he found she had diminished sensibility involving the ulnar aspect of the left index finger. Dr. Brandner also noted subjective factors, including diminished strength, dexterity and cold tolerance. Dr. Brandner opined that Stang had a permanent partial disability rating of her left hand of 35%, which was equivalent to approximately "a 32% permanent partial disability for the left upper extremity as a whole."

Stang wears a glove on her left hand to keep it warm in mild weather and a battery heated glove during cold weather. She cannot close her left hand to make a fist because of stiffness and pain. Stang wears prescribed plastic finger splints on her middle and index fingers at all times. She has difficulty with household duties, driving, and dressing because of the injury to her left hand. Stang experiences increased pain which extends up her wrist and into her arm when she overuses her left hand. It is conceded that Stang's overuse, repetitive action and therapy will not increase the strength and dexterity of her hand, indicating maximal recovery.

Stang's employment history includes work as a motel maid, as a cleaning woman in private homes, and as a waitress. Stang worked as a custodian from 1977 until she was injured on the job in 1989. She completed the eighth grade and later received her General Education Diploma. Stang is 49 years old. She is the mother of three grown children.

There is no dispute that Stang's injury prevents her from returning to her previous employment as a custodian. Stang completed a Functional Capacity Assessment (FCA) which indicated that she could perform periodic dexterity tasks, such as typing. Dr. Brandner and Dr. Anderson did not object to periodic typing tasks. However, Dr. Goff believed all repetitive hand actions should be eliminated and stated that it was unrealistic "to expect [that] she can do things like assemble, type, keypunch."

Diane Christiansen (Christiansen), a nurse rehabilitation specialist retained by the Insurer, enrolled Stang in the clerical skills program at the Career Learning Center in Rapid City. Christiansen sought and obtained Dr. Brandner's approval of the training program. Stang enjoyed attending the Career Learning Center four hours each day, working on various clerical assignments. She successfully completed a formal program at the Career Learning Center in mid-October 1991.

Shortly after beginning the clerical skills course, Stang began a job search. She worked as a temporary clerical worker at an alcohol and drug curriculum program for approximately thirty days between November and December 1991 while still enrolled in the clerical curriculum at the Career Learning Center. With assistance from Christiansen, Stang began a job search in July 1992 and intensified her search upon completion of the clerical course work in October 1992. Stang kept a detailed diary of her efforts to find work. After over 100 applications Stang's search for permanent work was unsuccessful. Stang also registered with Job Service and met with a representative on a regular basis.

Mr. Richard Ostrander, a vocational rehabilitation specialist and licensed professional counselor, testified by deposition concerning Stang's performance on the GATB exam: "She is way below average in all the activities requiring use of both hands, finger dexterity, manual dexterity. In fact, the scores aren't significant in terms of having any ability in bimanual work."

He further testified concerning the GATB test scores as follows:

Q: Well to that extent, would it indicate that Connie had the ability to engage in the type of rehabilitation training that she did at the Career Learning Center?

A: In terms of aptitude, yes. In terms of physical capacity, No. Her finger and manual dexterity scores would certainly indicate that she is never going to be a typist.

Q: All right. Would you have recommended that course?

A: No.

Ostrander also completed and analyzed a labor market survey.

Based on the record the Department found that "Claimant would not be able to find employment other than something of a sporadic nature resulting in an insubstantial income, whether based on the Sturgis labor market or the entire Black Hills labor market."

## DECISION

### I. Standard of Review

This Court's review of a decision of administrative agencies is controlled by SDCL 1–26–37, which provides:

An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.

■ An agency's factual determinations will be overruled only if this Court finds them to be "clearly erroneous" in light of the entire evidence. SDCL 1–26–36 (1992). "However, conclusions of law are entirely reviewable." *Petersen v. Hinky Dinky*, 515 N.W.2d 226, 231 (S.D.1994) (citing *Permann v. Department of Labor, Unemployment Ins. Div.*, 411 N.W.2d 113 (S.D.1987)). "Whether

the claimant made a prima facie case that he belongs in the odd-lot total disability category is a question of fact." *Petersen*, 515 N.W.2d at 231. This Court will not overturn the Department's determination that a claimant met his prima facie burden showing that he belongs in the odd-lot total disability category, unless such a finding is clearly erroneous. *Petersen*, 515 N.W.2d at 231 (citing *Shepherd v. Moorman Mfg.*, 467 N.W.2d 916, 919 (S.D.1991)).

This Court has announced that "[t]he test is whether after reviewing all the evidence we are left with a definite and firm conviction that a mistake has been made." *Day v. John Morrell & Co.*, 490 N.W.2d 720, 723 (S.D. 1992). Additionally, this Court has stated:

[T]he question is not whether there is substantial evidence contrary to the agency finding, but whether there is substantial evidence to support the agency finding.... [T]he court shall give great weight to findings made and inferences drawn by an agency on questions of fact.

*Petersen*, 515 N.W.2d at 231 (quoting *Lawler v. Windmill Restaurant*, 435 N.W.2d 708, 711 (S.D.1989) (Morgan J., concurring specially) (citations omitted)). Finally, we added in *Shepherd*, "We do not substitute our judgment for that of [the Department] on the weight of the evidence [.] ... [S]o long as there is some 'substantial evidence' in the record which supports the Department's determination, this Court will affirm it." 467 N.W.2d at 919 (citations omitted).

### II. The Odd–Lot Doctrine

■ To qualify for "odd-lot" worker's compensation benefits, a claimant must show that he or she suffers a temporary or permanent "total disability." This Court's definition of "total disability" has been consistent since it was first enunciated as follows:

[A] person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in insubstantial income.

*Barkdull v. Homestake Mining Co.*, 317 N.W.2d 417, 418 (S.D.1982) (citing *Schulte v.*

C.H. Peterson Construction Co., 278 Minn. 79, 153 N.W.2d 130–34 (1967)). See Petersen, 515 N.W.2d at 231. See also Shepherd, 467 N.W.2d at 918; Tiensvold v. Universal Transport, Inc. 464 N.W.2d 820, 822 (S.D. 1991); Rank v. Lindblom, 459 N.W.2d 247, 249 (S.D.1990); Schlenker v. Boyd's Drug Mart, 458 N.W.2d 368, 371 (S.D.1990); Wendel v. Domestic Seed & Supply, 446 N.W.2d 265, 270 (S.D.1989); Hanson v. Penrod Constr. Co., 425 N.W.2d 396, 398 (S.D.1988).

■ The "odd-lot" test requires that the claimant make a prima facie showing that his or her physical impairment, mental capacity, education, training and age place him in the odd-lot category. Petersen, 515 N.W.2d at 231.

■ Conflicting evidence exists as to whether Stang is suited for the type of employment for which she was retrained and was seeking. However, the Division concluded that Stang made a prima facie showing that she was not employable in the competitive market in her community, Sturgis, or the Black Hills area. The Division's conclusion is supported by the evidence that Stang unsuccessfully sought over 100 jobs, and was fully motivated during her rehabilitation, her clerical course, and her later job searches.

Stang is 49 years old and prior to her retraining at the learning center, her formal education included completion of the eighth grade and a General Education Diploma. Her employment history included work as a motel maid, a cleaning woman, a waitress and as a custodian until she was injured in 1989.

The evidence also supports the conclusion that Stang's physical condition prevented her from finding employment as a clerical worker. Dr. Goff's opinion that Stang could not perform repetitive tasks such as typing support the factual findings. Therefore, in light of the entire evidence, this Court cannot find that the Division's factual conclusion was "clearly erroneous" when it found that Stang had met her burden of showing that she belongs in the odd-lot category.

■ The burden then shifts to the employer to show "the existence of 'specific' positions 'regularly and continuously available' and 'actually open' in 'the community where the claimant is already residing' for persons with all of claimant's limitations." Shepherd, 467 N.W.2d at 920 (emphasis original). See Petersen, 515 N.W.2d at 231; Tiensvold, supra; Rank, supra; Schlenker, supra; and Wendel, supra.

This Court finds no weight in Employer/Insurer's argument that the Division failed to enter appropriate findings of fact on the issue of the unavailability of suitable work standard. The Division explicitly incorporated its memorandum decision into its findings of fact and conclusions, therein citing the appropriate standard. The only remaining question is whether Employer/Insurer met its burden and this Court concludes that it did not.

The Division's factual findings that Stang was prevented from finding employment are supported by Ostrander's assessment of Stang's functional limitations, together with her age, her education and training, her experience and the availability of work in her community. After a review of the entire record this Court concludes that Employer/Insurer fails to sustain its burden. Accordingly, the judgment is affirmed.

MILLER, C.J., and WUEST, SABERS and AMUNDSON, JJ., concur.

McMURCHIE, Circuit Judge, for HENDERSON, Retired Justice, who was a member of the Court at the time this action was submitted and who had disqualified himself from participating therein.

KONENKAMP, J., not having been a member of the Court at the time this action was submitted did not participate.