Harold R. BAKER, Appellee,

v.

DAKOTA MINING & CONSTRUCTION
and American States Insurance
Company, Appellants.

No. 18857.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1995.

Decided April 5, 1995.

William Jason Groves, Rapid City, and
James J. Doyle, Doyle and Doyle Rapid City,
for appellee.

Scott Sumner and Courtney R. Clayborne,
Johnson, Huffman, P.C. Rapid City, for ap-
pellants.

SABERS, Justice.

Claimant sought permanent total disability
benefits. Hearing examiner found that
claimant failed to make a prima facie show-
ing of severe, debilitating pain rendering him
unable to find more than sporadic employ-

ment at insubstantial income. The circuit court found that examiner's findings were clearly erroneous and that claimant made a prima facie showing for odd-lot benefits. We reverse.

## FACTS

Harold R. Baker has a high school education and one year of vocational training as a mechanic. He was working for Dakota Mining & Construction at the time of his injury on December 21, 1989. He was overhauling ore cars when he suddenly felt a sharp pain in his left hip. He reported the injury to his supervisor. Dr. Gebhart examined him that day, diagnosed a muscle strain and prescribed pain medicine. After the holiday break, Baker continued working but his pain steadily increased. On February 26, 1990, he quit.

Dr. Jeffrey Parker, an orthopedic surgeon, examined Baker and suspected early degenerative changes from childhood polio. Baker sought treatment by Dr. Steven Goff, a physiatrist. He diagnosed mechanical pain related to sacroiliac dysfunction. Although Baker's gait was affected by polio, Dr. Goff determined that the work-related injury was a "substantial aggravating factor" of Baker's current physical pain. Dr. Parker agreed with Dr. Goff's diagnosis.

A functional capacity assessment test (FCA) determines an individual's physical functioning by assessing, among other things, range of motion, strength, and postural measurements for time tolerance. Two were conducted on Baker. The first FCA, conducted on January 15, 1991, indicated that Baker could work an eight hour day if allowed to shift positions throughout. Dr. Goff indicated that Baker would not be able to return to work as a mechanic. The second FCA conducted on May 12, 1992, indicated that Baker was limited to a five hour day. Because of Baker's limitation in his sitting, standing and walking, the FCA indicated that Baker must change positions throughout his work day.

Baker obtained part-time employment working the counter for a parts store. He waited on customers, answered the phone, billed out parts, and looked up parts in catalogs. He stocked parts and shelves occasionally. He worked part-time at this job until a person who could work full-time replaced him. Baker unsuccessfully sought employment at another mining company but no other employment.

Baker sought benefits for permanent total disability. The Department of Labor hearing examiner found that there was a causal connection between his injury and his employment but that Baker was not obviously unemployable. She determined that Baker did not show severe, debilitating pain. The examiner noted that Baker maintained his part-time job for many months and that he helped move and repair a house.[1] The examiner also noted that Baker was still able to ride his motorcycle to work and for other uses.

On appeal, the circuit court found that "[t]here is not substantial evidence in the record to support the [examiner's] findings of fact that [Baker] did not make a prima facie case that he is disabled under the odd[-]lot doctrine and therefore the [examiner's] findings of fact are clearly erroneous." The circuit court found that Baker could only engage in sporadic part-time employment resulting in insubstantial income at 23 to 28 percent of his former wages. The circuit court found that Baker made a prima facie case that he was disabled under the odd-lot doctrine and reversed and remanded the decision to the Department. Employer and Insurer appeal.

**Whether Baker made a prima facie case under the odd-lot doctrine?**

 Under SDCL 1–26–36, we will not disturb the agency's factual findings unless they are clearly erroneous. *Petersen v. Hinky Dinky*, 515 N.W.2d 226, 231 (S.D. 1994). Conclusions of law are fully reviewable. *Id.* (citing *Permann v. Dept. of Labor,*

---

1. While Baker was present during the house moving process, he claims he was not actually engaged in much labor. He hired someone to move the house. He hired his son and his friends to do the manual labor. Baker claims only supervisory involvement; he did show the young men how to do some of the jobs but did not actually do much labor.

*Unemp. Ins. Div.,* 411 N.W.2d 113 (S.D. 1987)). Determining whether a claimant is in the odd-lot category, permanent total disability, is a question of fact. *Id.* (citing *Shepherd v. Moorman Mfg.,* 467 N.W.2d 916, 919 (S.D. 1991)).

> [A] person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income.

*Shepherd,* 467 N.W.2d at 918 (citation omitted).

■ The burden is on the claimant to make a prima facie showing of total disability. *Id.* If it is "obvious" that claimant is in the odd-lot category, then the burden shifts to the employer to show that suitable employment is available in the community for persons with claimant's limitations. *Id.* If it is not "obvious" that the claimant is in the odd-lot category, then the burden remains with the claimant to demonstrate "the unavailability of suitable employment by showing that he has unsuccessfully made 'reasonable efforts' to find work." *Id.* (citing 2 Larson, *The Law of Workmen's Compensation,* § 57.61(d)).

> When an employee is unable to return to his former occupation because he is unable to perform the duties required of him due to the fact that he experiences substantial pain while so engaged, he is entitled to permanent and total disability benefits[.]
>
> . . . . .
>
> A ... claimant who persuades the trier of fact that he is in ... *continuous, severe and debilitating pain* ... has made a prima facie case that he is in the odd-lot category, and the burden then shifts to the

employer to show availability of suitable work.

*Shepherd,* 467 N.W.2d at 919 (emphasis added) (citations omitted).

Our review of Department's determination compels this question: "Is there any substantial evidence in the record that supports the Department's conclusion that claimant does not experience the kind of pain which he claims?" *Id.* at 919–20.

The examiner found that Baker failed to show that his pain was severe and debilitating. The examiner noted three specific reasons:

1. Baker maintained steady employment for several months at the parts counter, with only one instance where he was unable to show up for work due to pain. He worked approximately twenty hours per week and occasionally worked up to thirty hours per week.

2. Baker was able to assist with the moving and repair of a house and ride his motorcycle.[2]

3. The medical testimony did not reveal that Baker is *"totally unable to work [.]"*

The examiner also found that being unable to return to full-time work did not automatically entitle Baker to odd-lot benefits.

■ To make a prima facie case for odd-lot benefits, a claimant must show that he is experiencing "continuous, severe and debilitating pain[.]" *Shepherd,* 467 N.W.2d at 919 (citations omitted); *see also Wendel v. Domestic Seed & Supply,* 446 N.W.2d 265, 270 (S.D.1989) (citing *City of Casper v. Bowdish,* 713 P.2d 763, 766 (Wyo.1986) (determination of whether claimant is suffering "obvious" disability is a factual determination and will not be disturbed if substantial evidence supports the finding)).

---

**2.** William H. Trent, who was president and principal stockholder in Dakota Mining before it dissolved, observed Baker doing several physical activities. He observed Baker washing his car, where he "just rub[bed] the heck out of that pickup" and when "[Baker] looked up and seen me observing his mobility, he waived at me and—and slowed down considerably to finish washing his pickup[.]"

Trent also observed Baker physically running, although with a limp, to help flag traffic when

his house was being moved. He also observed Baker on his motorcycle "quite a few times this past summer[.]"

In *Petersen,* 515 N.W.2d at 228 n. 3, the claimant's doctor saw him running without difficulty. That evidence was sufficient to impeach the claimant's debilitating pain testimony. *Id.* at 234–35. Here, the examiner weighed the conflicting testimony and found that Baker was not in severe and debilitating pain. Baker failed to show this finding was clearly erroneous.

The examiner found that Baker made a showing of constant pain but not that it was severe or debilitating; therefore, he was not obviously unemployable. The examiner is not bound to accept the testimony of claimant and may weigh conflicting testimony. *Kennedy v. Hubbard Milling Co.*, 465 N.W.2d 792, 796 (S.D.1991). If the examiner chose not to believe Baker then it would follow that his testimony on "debilitating" pain could also be discredited. *Id.* at 796. Here, it appears the examiner chose to believe the testimony of William Trent, who observed Baker doing several physical tasks without apparent difficulty.[3]

Substantial evidence in the record supports the examiner's finding that Baker is not entitled to any odd-lot category benefits. We will not disturb the examiner's finding because there is substantial evidence in the record to support that claimant does not experience the kind of pain he claims. *Shepherd*, 467 N.W.2d at 919–920. We reverse.

MILLER, C.J., and AMUNDSON and KONENKAMP, JJ., concur.

---

3. Dr. Parker, an orthopedic surgeon, indicated "[w]e have no way of assessing pain at all other than to take the patient's word that they are having pain." He testified in his experience, people who are self-employed who did not get compensation are more likely to work despite the injury than those who work for someone else and can get disability compensation. He also stated when he worked in Hong Kong, he "saw tons of polio and those people were able to work and do things that ... involved heavy equipment, involved climbing on scaffolding, doing all kinds of things, even after they'd fall off and get injured they'd go back to work." Dr. Parker had no explanation of what exactly caused the pain. He concluded "I don't think he's suffering from any limitation because of an injury [on the job]."