Unified Judicial System

 

 
 Robert L. McClaflin
Claimant and Appellee v.
John Morrell & Co.
Employer, Self-Insurer and Appellant [2001 SD 86]
South Dakota Supreme Court
Appeal from the Circuit Court of The Sixth Judicial Circuit
Hughes County, South Dakota
Hon. Steven L. Zinter, Judge
Ron J. Volesky of Volesky and Schaeffer
Huron, South Dakota
Attorneys for claimant and appellee
 
Michael S. McKight Lisa Hansen Marso of Boyce, Murphy, McDowell & Greenfield Sioux Falls, South Dakota
Attorneys for employer, self-insurer and appellant
 
Considered on Briefs January 8, 2001
Opinion Filed 7/3/2001
#21588
AMUNDSON, Justice
[Â¶1.] Robert L. McClaflin (Claimant) was awarded odd-lot benefits under the Workers Compensation Act.  John Morrell (Employer) appeals that decision.  We affirm in part and reverse and remand in part. 
FACTS
[Â¶2.] In 1972, Claimant began working for Employer at its Kansas City location.  During the next ten years, Claimantâs job included working in a number of positions, including cutting and running a scribe saw, the bone line, and utility.  In 1982, Claimant relocated to Employerâs Sioux Falls location.  There, he performed a variety of tasks such as cutting bologna and tails, and utility. 
[Â¶3.] In 1995, Claimant sought medical treatment for complaints related to his upper extremities.  He was diagnosed as suffering from carpal tunnel, a work related injury, and subsequently had surgery to relieve his pain.  After surgery, Claimant went through a rehabilitation program and returned to work in November of 1996.[1]   His post-surgery positions included the knife room, trash collection, equipment cleaning, and his current position in the coatroom.  His duties in the coatroom involve handing laundered coats to other employees and light clean up.  His current coatroom position, approved by his treating physician, involves Claimant working 8 to 9 hours per day, 5 to 6 days per week, and is paid $10.00 per hour.
[Â¶4.] On October 27, 1997, Claimant petitioned the Department of Labor (Department) for permanent total disability and Cozine benefits.  Four doctors, including those on behalf of Claimant, opined that Claimant was capable of working.  A vocational expert opined that Claimant was not employable, despite Claimantâs current position at Employer.  Department found that, due to his carpal tunnel, Claimant was entitled to both Cozine and odd-lot benefits.  Because Department also found that Claimant was currently employed, Department retained jurisdiction over the odd-lot claim suspending payment of such benefits.  Employer appealed.
[Â¶5.] The circuit court reversed Department as to Departmentâs finding that Claimant was âobviously unemployableâ due to his âcontinuous and debilitating pain.â  The circuit court found that Claimant failed to meet the requirements to be considered âobviously unemployable.â  Nevertheless, the court affirmed the award of odd-lot benefits on the basis that Claimant was âobviously unemployableâ because he was ânot employable in the competitive market.â  The court also affirmed the suspension of benefits due to Claimantâs current position.[2]   Employer raises two issues:
1)         Whether a Claimant may receive permanent total disability benefits where he has shown that he is not employable in the competitive market.
 
2)         Whether Employer satisfied its burden of showing suitable work is available to Claimant.
ISSUE 1
[Â¶6.]                 Whether a Claimant may receive permanent total disability benefits where he has shown that he is not employable in the competitive market.
 
[Â¶7.] To qualify for odd-lot workerâs compensation benefits, a claimant must show that he or she suffers a temporary or permanent âtotal disability.â  Our definition of âtotal disabilityâ has been stated thusly: 
A person is totally disabled if his physical condition, in combination with his age, training, and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in insubstantial income.
 
Shepherd v. Moorman Mfg., 467 NW2d 916, 918 (SD 1991); Tiensvold v. Universal Transport, Inc., 464 NW2d 820, 822 (SD 1991); Barkdull v. Homestake Mining Co., 317 NW2d 417, 418 (SD 1982).  Under the odd-lot doctrine, the ultimate burden of persuasion remains with the claimant to make a prima facie showing that his physical impairment, mental capacity, education, training and age place him in the odd-lot category.  If the claimant can make this showing, the burden shifts to the employer to show that some suitable work is regularly and continuously available to the claimant.  Shepherd, supra; Tiensvold, supra.
[Â¶8.] We have recognized two avenues in which a claimant may pursue in making out the prima facie showing necessary to fall under the odd-lot category.  First, if the claimant is âobviously unemployable,â then the burden of production shifts to the employer to show that some suitable employment within claimantâs limitations is actually available in the community.  Shepherd, 467 NW2d at 918; Tiensvold, 464 NW2d at 823.  A claimant may show âobvious unemployabilityâ by: 1) showing that his âphysical condition, coupled with his education, training and age make it obvious that he is in the odd-lot total disability category,â or 2) âpersuading the trier of fact that he is in the kind of continuous, severe and debilitating pain which he claims.â  Shepherd, supra, at 918-19.
[Â¶9.] Second, if ââthe claimantâs medical impairment is so limited or specialized in nature that he is not obviously unemployable or regulated to the odd-lot category,â then the burden remains with the claimant to demonstrate the unavailability of suitable employment by showing that he has made [ ] âreasonable effortsâ to find workâ and was unsuccessful.  Id.  If the claimant makes a prima facie showing based on the second avenue of recovery, the burden shifts to the employer to show that âsome form of suitable work is regularly and continuously available to the claimant.â  Id. (citing Wendel v. Domestic Seed & Supply, 446 NW2d 265, 270 (SD 1989)).  Even though the burden of production may shift to the employer, however, the ultimate burden of persuasion remains with the claimant.  Shepherd, supra, at 918.
[Â¶10.] Department found, based on the testimony of Claimant and his treating physicians, that Claimant was not âobviously unemployable by proving he is in continuous, severe and debilitating pain.â  Department also found that Claimant did not show that he made âreasonable efforts to find work,â but was unsuccessful.  Department, however, did find that he demonstrated he was obviously unemployable based on his âphysical condition, coupled with his education, training and age.â  Thus, he made a prima facie showing that he was obviously unemployable.
[Â¶11.] This finding was rejected by the circuit court.  The circuit court, however, affirmed Departmentâs ultimate finding that Claimant was obviously unemployable because there was evidence that Claimant is ânot employable in the competitive market.â[3]   Under our workersâ compensation jurisprudence, we have never allowed recovery based on this test employed by the circuit court.  We decline to adopt such an extension.[4] 
[Â¶12.] The circuit court, relying on Claimantâs vocational expert, found that Claimantâs coatroom position was âfavored workâ and that it was not a âcompetitive jobâ because of the high number of breaks Claimant had to take while performing his duties.  The circuit court relied on this Courtâs earlier decisions in Tiensvold and Shepherd as authority to award odd-lot benefits based on a claimantâs inability to be employable in the competitive market.  The circuit courtâs reliance on these cases, however, is misplaced.
[Â¶13.] It is true that in our decision in Tiensvold we articulated in dicta that ââwhen a worker makes a prima facie case of total disability by producing substantial evidence that the worker is not employable in the competitive marketâ the burden shifts to the employer.â  464 NW2d at 823.  It cannot be said that we adopted that standard as a new avenue of recovery.  The Tiensvold case involved a claimant that based his odd-lot claim on his âcontinuous and debilitating pain.â  He failed to meet his burden.  In reaching our conclusion, this Court did not reach the issue of whether a claimant could fall under a âcompetitive marketâ standard.  Thus, this Court has yet to approve this standard and decline to do so today.
[Â¶14.] Under the facts presented, however, this Court is not yet willing to dismiss Claimantâs claim for odd-lot benefits.  Although Claimant is not in a position of âfavored work,â[5]  his current position in the coatroom allows Employer to shield itself from liability under our workersâ compensation laws.  As it stands, Claimant cannot meet his initial burden because he is currently employed by Employer.  As we are mindful that Employer could now fire Claimant without cause because South Dakota is an âat-willâ jurisdiction, we direct the circuit court to retain jurisdiction over this matter should Claimant no longer work for Employer.  If Claimant can show, once no longer employed by Employer, that he is obviously unemployable and Employer cannot meet its corresponding burden, then the circuit court should instruct Employer to pay Claimant odd-lot benefits.
[Â¶15.] This Court is also mindful of SDCL 62-7-35, the two-year statute of limitations for workers compensation.[6]   Due to Claimantâs current coatroom position, however, under the specific facts of this case, it is premature for any odd-lot determination; thus the time for the statute of limitations or failure to prosecute has not commenced.  Although presented in a different posture, this Court on occasion has allowed a workers compensation case to be reopened due to a change in Claimantâs condition.  See e.g., Sopko v. C & R Transfer Co., Inc., 1998 SD 8, 575 NW2d 225; Whitney v. AGSCO Dakota, 453 NW2d 847 (SD 1990).  Under our well established precedent, we reiterate the notion that workers' compensation statutes should be construed liberally in favor of injured employees.  Mills v. Spink Elec. Co-op., 442 NW2d 243, 246 (SD 1989); Wilcox v. City of Winner, 446 NW2d 772, 775 (SD 1989).  Thus, this Court should allow Claimant to show that if his position is terminated by Employer, his change in condition requires further examination without regard to time limitations.
 [Â¶16.] Likewise, other courts have also retained jurisdiction over similar matters.  See Horton v. Garrett Freightlines Inc., 684 P2d 297 (Idaho 1984) (Commission retained jurisdiction for future determination of permanent disability);  Lopez v. New York City Hous. Auth., 419 NYS2d 244 (1979) (Board has broad powers of continuing jurisdiction over closed cases, including right to modify a decision in such a way that it reaches a different result on the same record); Brooks v. Duncan, 532 P2d 921 (Idaho 1975) (limitations period applies only to final awards, and did not apply in case in which no evaluation of residual partial permanent disability had been made at the time of the hearing, and the Board had reserved jurisdiction); Williams v. Safeway Stores, 525 P2d 1087 (Alaska 1974) (Board has power to retain jurisdiction over case, obviating the claimant's further action to avoid time limit); Palmeri v. Riggs Sargent, Inc., 261 NE2d 887 (IndCtApp 1970) (adjudication concerned temporary total disability and did not adjudicate the claimant's permanent partial disability; under these circumstances, time limit does not bar petition for adjudication of permanent partial impairment);  Boden v. City of Hialeah, 132 So2d 160 (Fla 1961) (found that limitation did not bar additional claim for permanent partial disability); Pratt v. Central Upholstery Co. Inc., 115 SE2d 27 (NC 1960) (Commission has authority to retain jurisdiction to make further adjustments pending final award; limitations statute is inapplicable if there has been no final award).  The circuit courtâs retention of jurisdiction over this matter in no way bars Claimantâs ability to litigate his claim at a future date.  Fundamental fairness requires jurisdiction of an action until the litigation is completely and finally determined.  Because we suspend any determination of whether Claimant has made out a prima facie case that he is odd-lot, we need not address the remaining issue related to Employerâs burden.
[Â¶17.] Affirmed in part and reversed and remanded to the circuit court to retain jurisdiction over Claimantâs odd-lot claim.
[Â¶18.] MILLER, Chief Justice, and SABERS, KONENKAMP, and GILBERTSON, Justices, concur. 

[1].        The record includes a Department of Labor Memorandum of Payment for Permanent Partial Disability signed and executed by all parties involved. The memorandum provides for a $15,252.48 payment to Claimant based on a disability impairment rating of 22%. This award is not part of this appeal.

[2].         The court remanded the case to Department to reconsider the award of Cozine benefits.  Upon remand, Department denied Cozine benefits, but allowed payment of certain permanent partial disability benefits to Claimant.  Neither party appeals those findings on remand.
 

[3].        Claimant has not filed a Notice of Review as to Departmentâs findings for denial of odd-lot benefits on the other alternative grounds. He has also not filed a Notice of Review for any error committed by the circuit court. Thus, this opinion only addresses whether claimant can make out an odd-lot claim for benefits under this newly devised âcompetitive marketâ test.
 

[4].         During its bench decision, dated November 10, 1999, the circuit court stated: 
On this record, this Claimant was not obviously employable. I arrive at that conclusion primarily because of the fact that none of the doctors indicated he could not work and he was gainfully employed in at least two different jobs from the period of the time after his surgery up through the hearing .  .  .  .  Specifically, that being a bus driver and the coat room position. Thus, it is readily apparent that the circuit court did not believe Claimant to be obviously unemployable as he was currently employed.

  
[5].         The âfavored workâ doctrine, a judicial creation and term of art, imposes limits on claimants so as to âallow an employer to reduce or completely eliminate compensation payments by providing work within the injured employeeâs physical capacity.â  See Pulver v. Dundee Cement Co., 515 NW2d 728, 736 (Mich 1994).  This Court never had the opportunity to apply the doctrine in the context of an odd-lot case.  Cf. Kennedy v. Hubbard Milling Co., 465 NW2d 792, 797 (SD 1991) (determining that the âfavored workâ doctrine did not apply because âthe burden never shifted to Employer to show that there was work availableâ as Claimant failed to prima facie case that he belonged in the odd-lot category); Beckman v. John Morrell & Co., 462 NW2d 505, 509-10 (SD 1990) (holding that Claimant who refused âfavored workâ was correctly denied temporary total disability benefits).  
 
In any event, the application of such doctrine is not determinative of the outcome of this case because it is primarily used to limit employees, not employers.  This is because the âfavored workâ doctrine is implicated when an employee is given the opportunity to continue employment through âfavored workâ with his or her employer.  If the employee refuses such âfavored work,â then, under the doctrine, the employer cannot be legally obligated to remit workersâ compensation benefits to that employee, due to his or her refusal of such work.  Thus, the doctrine of favored work has no application to the case at hand.
 

[6].         SDCL 62-7-35 provides:
The right to compensation under this title shall be forever barred unless a written request for hearing pursuant to Â§ 62-7-12 is filed by the claimant with the department within two years after the self-insurer or insurer notifies the claimant and the department, in writing, that it intends to deny coverage in whole or in part under this title. If the denial is in part, the bar shall only apply to such part.